IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


KAIVEN WESLEY                                                                    PLAINTIFF

Case No. 4:20-cv-4092


SHERIFF JAMES SINGLETON,
Hempstead County, Arkansas;
JAIL ADMINISTRATOR JAMES WISE;
KATHY FICHER, Head Cook; and
DR. ELKINS                                                                      DEFENDANTS

**ORDER**

Plaintiff Kaiven Wesley filed this 42 U.S.C. § 1983 action *pro se* on October 15, 2020.

(ECF No. 1).  In response to this Court's order, Plaintiff filed an Amended Complaint on October

22, 2020.  (ECF No. 7).  On December 15, 2020, Plaintiff notified the Court of a change to his

address of record.  (ECF No. 19).  The address he provided indicated he was no longer incarcerated.

Currently before the Court is Plaintiff's failure to obey two orders of the Court.

On December 16, 2020, the Court entered an order directing Plaintiff to resubmit an

affidavit to determine whether he should be required to pay all, or a portion of, the fees and costs

of the lawsuit.  (ECF No. 20).  The order also stated that if Plaintiff wished to proceed with this

lawsuit, he must pay the $350.00 filing fee and $52 administrative fee or resubmit an *in forma*

*pauperis* ("IFP") application which reflected his free-world financial status, no later than January

6, 2021.  *Id*.  The order informed Plaintiff that failure to do so would result in dismissal of this

lawsuit.  To date, Plaintiff has not submitted an updated IFP application or paid the filing fee, and

the order directing him to do so has not been returned to the Court as undeliverable.

On January 7, 2021, the Court entered an order directing Plaintiff to show cause by January

19, 2021, as to why he failed to comply with the Court's order directing him to file an updated IFP

or pay the filing fee.  (ECF No. 21).  This order informed Plaintiff that failure to comply would

result in this case being dismissed.  To date, Plaintiff has not responded to the show cause order, and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of February, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge